**FILED**

**APR 26 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERREK E. ARRINGTON,      :
       Petitioner,       :
    v.                :  Crim. Action No. 00-0159 (JR)
                        :
UNITED STATES OF AMERICA, :
       Respondent.       :

### MEMORANDUM

A jury found Derrek E. Arrington guilty of using a dangerous weapon to forcibly assault, resist, or impede federal officers, in violation of 18 U.S.C. § 111(a) and (b), and of unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On May 18, 2001, he was sentenced to 240 months imprisonment. The conviction and sentence were affirmed on appeal. 309 F.3d 40 (2002).

Arrington timely filed this petition for post-conviction relief under 28 U.S.C. § 2255, asserting errors by the trial court, ineffective assistance of counsel, the failure of the (undersigned) trial judge to recuse himself, and prejudice caused by juror misconduct. He also argues in a supplemental brief that his sentence should be reduced in light of United States v. Booker, 543 U.S. 220 (2005). For the reasons set forth below, Arrington's petition and request for an evidentiary hearing will be **DENIED**.

**1.  INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim of ineffective assistance of counsel, Arrington must show that (1) the performance of his counsel was "deficient," and (2) that the deficient performance caused prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to satisfy Strickland's first requirement, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  Id. at 693.  To satisfy the second requirement, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  See also United States v. Thompson, 27 F.3d 671 (D.C. Cir. 1994).

**A.  Lesser included Offense**

Arrington's first claim of ineffective assistance of counsel is that his attorney failed to request a jury instruction for a lesser included offense under 18 U.S.C. § 111(a) & (b).  A defendant is not entitled to a lesser included offense instruction, however, where "the defenses offered at trial are purely exculpatory, and if believed would lead only to acquittal"

or "where the evidence is such that the jury could not rationally find the defendant guilty of the lesser offense." United States v. Payne, 805 F.2d 1062, 1067 (D.C. Cir. 1986).

Arrington's trial testimony offered a wholly exculpatory defense. He said that he "decided to drive off because he felt threatened by the police," and that "he never had physical contact with any of the officers, and no officer had any part of his body in the car at the time Arrington drove off." 309 F.3d at 43. If the jury had believed this testimony, it could not have found him guilty of any offense under sections 111(a) or 111(b). As the Court of Appeals observed, "the use of a car purely for flight would not satisfy the fourth element of § 111(b); that the object be used in a deadly or dangerous manner. Nor would Arrington's scenario satisfy the first element of § 111(a)... because it would not involve the element of force." Id. at 45. Arrington's defense, in other words, left no room for a lesser included offense, and counsel acted reasonably in not requesting a lesser included offense instruction.

### B. Apprendi

Arrington's second claim of ineffective assistance is that his counsel should have invoked Apprendi v. New Jersey, 530 U.S. 466 (2000), at sentencing. Apprendi does not apply to this case, however. The elements of § 111(a) and (b) were submitted

to the jury, and Arrington's sentence did not exceed the statutory maximum.

### C. Jury Misconduct

Arrington's third claim of ineffective assistance is that his trial counsel failed to move for a mistrial based on juror misconduct. During deliberations, a juror visited the scene of the incident and shared her observations with the other jurors. The jury was given an appropriate limiting instruction, see Def.'s Ex. C, p. 92. Dec. 10, 2003 (Dkt. # 87), and if any prejudice resulted from a juror visiting the crime scene, it was likely prejudice to the government and not to Arrington. Id. at 96. Trial counsel's decision not to move for a mistrial was reasonable.

## 2. DEFAULTED CLAIMS

### A. Claims Raised on Direct Appeal

Arrington re-asserts two claims that were raised on direct appeal: that the jury was given an erroneous jury instruction regarding the use of force in § 111(a); and that there was insufficient evidence for a conviction under § 111(b). "It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law." United States v. Greene, 834 F.2d 1067, 1070 (D.C. Cir. 1987)(quoting Garris v. Lindsay, 794

F.2d 722, 726 (D.C. Cir. 1986)). Arrington's claims were fully addressed by the Court of Appeals and decided adversely to him, and there have been no changes in the law since his appeal. Accordingly, these claims "are not now available as grounds for vacating his sentence under § 2255." McGuinn v. United States, 239 F.2d 449, 450-51 (D.C. Cir. 1956).

### B. Claims Not Raised on Direct Appeal

Other claims raised by Arrington's petition are procedurally defaulted because they were <u>not</u> raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998)(citations omitted); United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003).[1] This test applies to several of Arrington's claims: that I should have instructed the jury on a lesser-included offense; that the sentence I imposed ran afoul of Apprendi v. New Jersey, 530 U.S. 466 (2000); that I should have instructed the jury on the defense of resisting arrest in response to excessive force; that I should have recused myself for bias; and that I should have declared a mistrial for juror misconduct. As

---

[1] There is no procedural default for failure to raise an ineffective-assistance of counsel claim on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003).

Arrington does not claim actual innocence, he must show both (1) cause for his failure to raise these issues on appeal and (2) that these issues caused him actual prejudice.

For "cause," Arrington offers only a reprise of his argument that his lawyer was ineffective in failing to request a lesser-included offense instruction or to challenge his sentence under Apprendi. For "prejudice," he claims only that counsel on appeal failed "to raise any cogent argument with merits," or assert "any arguable error was meritorious in nature," or raise issues that "could have resulted in a reversal on appeal." Pet. at 22. These statements will not do. As explained above, counsel's decisions not to request a lesser-included offense instruction or raise Apprendi at sentencing do not rise to the level of ineffective assistance. Furthermore, Arrington has not shown cause for any of the other claims he raises for the first time here. These claims are all barred by procedural default.

3. **BOOKER**

In a supplemental pleading, Arrington argues that he is entitled to be re-sentenced in light of United States v. Booker, 543 U.S. 220 (2005). His conviction and appeal were final before Booker was decided, however, and Booker has no retroactive application to cases on collateral review. In re Zambrano, 433 F.3d 886 (D.C. Cir. 2006).

## 4. REQUEST FOR HEARING

Arrington's request for an evidentiary hearing is **denied**. Because the files and records of the case conclusively show that the prisoner is entitled to no relief, no evidentiary hearing is necessary. United States v. Green, 80 F.2d 183 (D.C. Cir. 1982). See also United States v. Weaver, 234 F.3d 42, 47 (D.C. Cir. 2000)("[H]aving failed to proffer a basis to show that counsel's performance was deficient, the district court was not required to hold an evidentiary hearing."); United States v. Taylor, 139 F.3d 924, 932-933 (D.C. Cir. 1998)("[S]ome claims of ineffective assistance of counsel can be resolved on the basis of the trial transcripts and pleadings alone.... For example, the alleged acts of deficient performance by counsel may have occurred in the course of proceedings before the trial court, thereby making a hearing unnecessary.").

\* \* \* \* \*

An appropriate order accompanies this memorandum.

_____
JAMES ROBERTSON
United States District Judge